IVORY A. FERGUSON, Appellant, v. BANK OF BUFFALO, Respondent.

Fourth Department, November 18, 1925.

**Malicious prosecution — arrest — question for jury whether defendant instigated arrest.**

In an action for malicious prosecution, in which it appears that an officer of defendant bank called a police officer and went with him to plaintiff's place of business; that plaintiff accompanied the bank officer and the police officer to the bank and after some discussion someone connected with the bank directed the police officer to lock the plaintiff up, it was error for the court to dismiss the complaint on the ground that there was no evidence that the defendant instigated the arrest, for the question should have been submitted to the jury.

APPEAL by the plaintiff, Ivory A. Ferguson, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Erie on the 22d day of December, 1922, upon the dismissal of the complaint at the close of the entire case.

*R. Foster Piper*, for the appellant.

*George F. Phillips*, for the respondent.

PER CURIAM:

The jury might have found that an officer of the defendant bank called a police officer and went with him to plaintiff's place of business and asked plaintiff about the checks in question and then requested him to come to the bank and explain matters; that plaintiff went to the bank and met certain officers and employees in a room at the bank, the police officer being present. After a long examination one of those present, not the police officer, said: " We'd better take this man over and lock him up until we get this straightened out." This was said by one of the bank officers or employees in the presence of all. Plaintiff was then taken by the police officer and placed in jail. Before being taken to police headquarters by the officer he was not permitted to speak to a co-employee who had gone to the bank with him.

The plaintiff's complaint was dismissed by the learned trial court upon the ground that there was no evidence that the defendant instigated the arrest.

This, we think, was error. It was a question for the jury. The fact that the version of the transaction given by the plaintiff was contradicted by those present did not make the question one of law.

The judgment and order should be reversed upon the law and a new trial granted, with costs to plaintiff to abide the event.

All concur. Present — HUBBS, P. J., CLARK, SEARS, CROUCH and TAYLOR, JJ.

Judgment reversed on the law and new trial granted, with costs to appellant to abide event.